IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT DYER, | : | |
| | : | Civil Action No. 1:03-CV-0128 |
| Petitioner | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| THOMAS LAVAN, | : | |
| SUPERINTENDENT, SCI- | : | |
| DALLAS and ATTORNEY | : | |
| GENERAL OF PENNSYLVANIA, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

Before the Court is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. No. 1), a Report and Recommendation from Magistrate Judge Mannion recommending that the petition denied (Doc. No. 44), and Petitioner's objection thereto (Doc. No. 46).  The Court has carefully reviewed the pleadings filed in this case, including Magistrate Judge Mannion's detailed recitation of the procedural and factual background to the petition.  The Court finds that the petition must be denied because is time-barred.

**I.     Procedural History**

On September 30, 1996, Petitioner entered a negotiated guilty plea in state court to one count of escape and nolo contendre pleas to two counts of aggravated assault.  Petitioner was sentenced on September 30, 1996 to a term of 10 to 20 years in prison.  Petitioner did not file post-sentence motions, nor did he seek direct review of his convictions or sentence.  On December 12, 1997, Petitioner filed a pro se petition under the Post Conviction Relief Act ("PCRA") in the trial court pursuant to 42 U.S.C. § 9541 et seq.  By order dated November 4, 1998, the court dismissed the

PCRA petition as untimely. On November 13, 1998, PCRA counsel moved to vacate the court order dismissing the petition. By order dated December 22, 1998, the PCRA court scheduled an evidentiary hearing for February 22, 1999 to consider Petitioner's arguments. On February 22, 1999, following testimony, the PCRA petition was dismissed and Petitioner was notified that he had 30 days to appeal to the Superior Court. Petitioner subsequently filed a pro se appeal with the Superior Court, but not until July 8, 1999. By order dated January 3, 2001, the Superior Court affirmed the PCRA court's decision and agreed that Petitioner's petition was time-barred. Thereafter, Petitioner had 30 days to file a petition for allowance of appeal with the Pennsylvania Supreme Court, which he apparently did not do.

On September 13, 2001, Petitioner filed a second PCRA petition. The PCRA court dismissed the second petition on October 23, 2001, concluding that the second petition was also time-barred. Petitioner appealed, and the Superior Court affirmed the dismissal of the second petition as untimely on August 5, 2002. Petitioner claims that he filed a petition for allowance of appeal in the Pennsylvania Supreme Court, but that this petition was also denied. Subsequently, on January 21, 2003, Petitioner submitted the habeas petition under consideration in this case.

**II.     Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)     the date on which the judgment became final by the

       conclusion of direct review or the expiration of the time for seeking
such review;

       (B)    the date on which the impediment to filing an
application created by State action in violation of the Constitution
or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

       (C)    the date on which the Constitutional right asserted
was initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or
or claims presented could have been discovered through the exercise
of due diligence.

28 U.S.C. § 2241(d)(1).

    The judgment underlying the Petitioner's claims became final, at the latest, on February 2, 2001.[1] The habeas petition before the Court was not filed until January 21, 2003, and was thus filed long after the one-year limitations period prescribed by 28 U.S.C. § 2241(d)(1). The Court's finding of untimeliness is not altered by the fact that Petitioner filed the instant petition within one year of the Pennsylvania Superior Court's ruling dismissing Petitioner's second PCRA petition as time barred. Petitioner has attempted to argue that the one-year limitation period under AEDPA should be tolled in his case as a result of his second PCRA petition. The Court disagrees.

    The one-year limitations period within which a petitioner must commence his habeas petition

---

[1] The Pennsylvania Superior Court affirmed the dismissal of Petitioner's first PCRA petition as time-barred on January 3, 2001. Petitioner was granted 30 days from that date to file a petition for allowance of appeal with the Pennsylvania Supreme Court, which he did not do. Accordingly, at the end of the 30-day period, the judgment became final.

under AEDPA may be tolled during the period in which a properly filed PCRA petition is pending in state court. 28 U.S.C. § 2254(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). A properly filed petition is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an untimely application and the state court dismisses the application as time-barred, then it is not a properly filed application for tolling purposes. Meritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003). It is undisputed that Petitioner's second PCRA petition, like his first PCRA petition, was dismissed as untimely by the PCRA court. The Pennsylvania Superior Court affirmed the dismissal of the second petition. On the basis of these undisputed facts, the Court is constrained to find that the second PCRA petition was not a properly filed application, and may not be considered to toll the limitations period applicable to Petitioner's habeas petition.

It is true that AEDPA's one-year statute of limitations is subject to equitable tolling in certain limited instances. Miller v. N.J. State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is appropriate only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotation omitted). The Third Circuit has recognized three circumstances in which equitable tolling may be appropriate: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3)

4

if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Although the Court has limited authority to review the substantive issues raised in a habeas petition if applying the statute of limitations would unfairly prejudice the petitioner, the petitioner must show more than excusable neglect in order for the Court to do so. Miller, 145 F.3d at 618. Rather, the petitioner must prove that he exercised reasonable diligence but that for some extraordinary reason, he was prevented from asserting his rights. Id., at 618-19. Petitioner has not met this burden in this case. Petitioner's first PCRA petition was dismissed as untimely, and the judgment affirming the dismissal became final in February 2001. The instant petition was filed nearly two years later, and Petitioner has not provided the Court with any evidence suggesting that he was in any way prevented from bringing his habeas petition in a timely manner following his unsuccessful efforts to secure PCRA relief. As a result, the Court finds it would be inappropriate to equitably toll the limitations period applicable to this matter, and finds that the Petition must be dismissed as time-barred.

Because the Court finds that Petitioner's petition for a writ of habeas corpus must be denied because it is time-barred under AEDPA, 28 U.S.C. § 2241(d)(1), the Court finds it unnecessary to consider Magistrate Judge Mannion's recommendation that the Court deny the petition for the additional reason that Petitioner failed to exhaust his state court remedies.

### III.    Order

**AND NOW**, for the reasons more fully set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** the Court adopts Magistrate Judge Mannion's Report and Recommendation (Doc. No. 44) insofar as the Court finds that Petitioner's petition for a writ of habeas corpus is time-barred under AEDPA, 28 U.S.C. § 2241(d)(1).  Accordingly, **IT IS FURTHER ORDERED THAT** Petitioner's objections to Magistrate Judge Mannion's Report and Recommendation (Doc. No. 46) are **OVERRULED** and the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**.

        S/ Yvette Kane
        Yvette Kane
        United States District Judge

Dated:  May 31, 2005

.